S. CHRISTOPHERSON v. HANS M. OLSON.[1]

May 29, 1908.

Nos. 15,549—(72).

**Partnership—Action for Money Received.**

Plaintiff sued defendant for money alleged to have been received by defendant as plaintiff's agent in effecting a settlement of plaintiff's claim against a third person. Defendant's case was that plaintiff and defendant were partners in a real estate transaction out of which had arisen the claim which defendant had settled. It did not appear that the partnership affairs had been liquidated, its debts paid, or its real estate converted into cash. No equitable relief was sought. It is *held* that the trial court properly directed a verdict for the plaintiff.

Action in the district court for Hennepin county to recover $1,500. The case was tried before Frederick V. Brown, J., who directed a verdict in favor of plaintiff for $1,545. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Smith & Thompson* and *Hall & Kolliner,* for appellant.

*Gjertsen & Lund,* for respondent.

JAGGARD, J.

Plaintiff's (respondent's) complaint set forth that he had appointed defendant (appellant) as his agent to effect a settlement of a certain claim against one Storaasli on account of certain lands; that he authorized defendant, as his agent, to accept the sum of $1,500 from Storaasli in settlement of said claim; that defendant, as his agent, received the said sum, but refused to pay it to plaintiff.

The case of appellant and defendant was this: Storaasli, wishing to secure the Buck Block in Minneapolis, entered into a written agreement with defendant by which he agreed to take the property subject to $8,000 in mortgages, and to convey to defendant two quarter sections of land in the state of Oregon, and to pay defendant $320 as commission. Defendant, a real estate agent, could have purchased the block for about $8,000 and have made a commission of $225 from

[1] Reported in 116 N. W. 840.

its owner. The owner, however, wanted $3,000 in cash, and agreed to take back a mortgage for $5,000. Defendant did not have the $3,000 readily available. The result of his negotiations with the plaintiff was the agreement that plaintiff would contribute to the joint venture with the defendant the necessary $3,000 for the time being; that defendant would contribute the Storaasli contract, in which plaintiff was to have a one-half interest, his knowledge of the situation, his commissions, all the work he had done and which would necessarily be done, and that the parties would share equally in the profits of such joint transaction. Thereafter defendant turned over the Storaasli contract. Plaintiff bought and took title in his own name to the Buck Building for $8,000, of which $3,000 was paid in cash and $5,000 in mortgages, and subsequently sold it to Storaasli, who assumed the $5,000 mortgage and gave plaintiff a second mortgage on the block for $3,000. Defendant also turned over one-half of the $225 commission which he had received from Buck, and before the commencement of this action tendered plaintiff one-half of the $320 which he secured from Storaasli. Pursuant to this contract Storaasli executed to the plaintiff a deed to one of the two quarter sections of Oregon land, but was unable, owing to defective title, to convey the other quarter. After negotiations between the parties it was agreed that Storaasli, in lieu of such quarter section, should pay the sum of $1,500 in cash. That sum was accordingly paid to this defendant. Plaintiff and defendant were partners. At all events, they were engaged in a joint enterprise under a contract which provided for mutual contributions, and in which profits were to be equally divided. Plaintiff was not, according to this defendant's argument, entitled to the $1,500 paid the defendant by Storaasli.

The money had been deposited in the bank under an agreement that, "when the ownership of said money or any part thereof has been determined by said court, the said bank shall pay the same to the party or parties adjudged to be entitled thereto." On trial of the action, plaintiff objected to the admission of any evidence under defendant's answer. The objection was sustained, and a verdict directed for plaintiff. This appeal was taken from an order denying defendant's motion for a new trial.

1. If plaintiff's theory of agency be accepted, he was clearly entitled to the directed verdict.

2. If the defendant's own theory be accepted, the same result must follow. If the parties were partners, the relief to which defendant would be entitled must be determined by the principles of partnership law as applied to the contract and to the other facts in this case. The record does not show that plaintiff was entitled under them to any relief. A number of items were involved in the calculation of profits, viz., the discharge of the mortgages on the Buck Building, the conversion of the Oregon land into cash, the $1,500 of cash in bank, the $545 commissions, and the cost and expenses of the venture. Under ordinary principles of partnership, the time for the determination and division of the profits had not arrived. No liquidation of partnership affairs had been had. In point of fact, moreover, no equitable relief was in fact here sought. The present issues were solely in law. Under the contract between the plaintiff and defendant, the transactions between Buck and Storaasli were to be carried on in the plaintiff's name, so that defendant might, "without embarrassment and with perfect propriety, * * * receive from Storaasli and Buck the commissions, * * * which, of course, he could not with propriety ask or receive if it should appear that he were a party to this contract and to the deed." On the same theory that title to the Buck Block and the one Oregon quarter section was taken in plaintiff's name, plaintiff was entitled to have this money in his name. The receipt itself read: "Received of E. G. Storaasli a check for fifteen hundred dollars as settlement in lieu of Oregon timber claim. S. Christopherson, Per H. M. Olson, Agt."

The suggestion that plaintiff was insolvent and would abuse the trust imposed on him under the agreement is wholly gratuitous. The record is silent on that subject. If such were the case, the relief, if any, is to be had in equity, and not in the present action.

Affirmed.